1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11    URBAN TEXTILE, INC., a California       Case No.: 2:16-cv-6786-MWF-KS
12    Corporation;

13              Plaintiff,                     **[PROPOSED] STIPULATED**
14                                             **PROTECTIVE ORDER**
      vs.
15
16    FASHION AVENUE KNITS, INC., a
      New York Corporation; WAL-MART
17    STORES, INC., a Delaware
      Corporation; WHITE STAG
18    MANUFACTURING CO., a Delaware
19    Corporation and DOES 1-20,
      inclusive,
20
21    Defendants.
22
23
24
25
26
27
28

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation For Protective Order ("Stipulation") filed on January 10, 2017, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 3, 4, 10, 12, and 14 of the Stipulation.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

A. Good Cause Statement

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information of the parties to this action as well as various third-parties, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

B. Scope

     1.     This Confidentiality Order shall govern the disclosure of materials designated as Confidential Material <u>during the course of discovery</u>. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material.

     2.     Confidential Material, as used in this Order, consists of the following materials and categories of materials:

         a.     Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7), contracts; proprietary information; vendor agreements; personnel files;  claim/litigation information; or certain policies and procedures.

         b.     Materials containing corporate trade secrets, nonpublic research and development data, pricing formulas, inventory management

programs, confidential business information not generally known to the general public, and customer-related Protected Data are considered Highly Confidential Material and shall be deemed "ATTORNEYS' EYES ONLY".  Qualified recipients of materials marked "ATTORNEYS' EYES ONLY" shall include only the following:  In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each.

c.      Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

3.      ~~If any party seeks to designate additional documents or categories of documents as Confidential Material, it will be the burden of the party seeking protected status to move for a Court Order designating the materials as confidential after the parties confer.~~

4.      ~~The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those person involved in the prosecution or defense of this litigation.~~  **If any Party should desire to include any Confidential Information or Item in any papers filed with the Court, the**

**Party shall file an application, in accordance with the requirements of Local Rule 79-5 for a Court order allowing such papers to be filed under seal pursuant to Federal Rule of Civil Procedure Rule 5.2(d).**

5.      To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and shall submit confidential discovery, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a.      Information on a disk or other electronic format may be designated confidential by marking the storage medium itself with the legend "CONFIDENTIAL- SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER."  The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b.      Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Copies of material described in paragraph 2 above, or incorporated into paragraph 2 by Court Order, and which were produced without the designation of

"CONFIDENTIAL- SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7 below, the party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material  is Confidential.

6.     Pursuant to Federal Rule of Evidence 502(d), disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request.  If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received.  The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. This provision is designed to foreclose any

arguments that by making such production, the production of Confidential Materials subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

> (a)  was not inadvertent by the Producing Party;
>
> (b)  that the Producing Party did not take reasonable steps to
>
> a.  prevent the disclosure of privileged Documents;
>
> (c)  that the Producing Party did not take reasonable or timely steps
>
> b.  to rectify such Disclosure; and/or
>
> (d)  that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

7.  Any Confidential Material  and the information contained therein shall be disclosed only to the Court, its staff, and counsel of record, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action. Confidential Material shall not be disclosed to any outside experts or consultants who are current or former employees or current or former consultants of a direct competitor of any party named in the Litigation. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order, and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel also shall require all persons, except the Court, its staff, the parties, counsel of record and counsel's staff personnel, to execute the Affidavit attached as *Exhibit A*, prior to the disclosure of Confidential Material. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this

Confidentiality Order, to promptly notify counsel for the Producing Party of such breach or threatened breach.   Counsel shall not otherwise offer or permit disclosure of any Confidential Material, its contents, or any portion or summary thereof. Disputes concerning the confidential nature of such materials shall be resolved by the Court upon motion prior to dissemination of any Confidential Material.

8.     Persons having knowledge of Confidential Material and information by virtue of their participation in the conduct of this litigation shall use them for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court.

9.     The provisions of this Confidentiality Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either party may seek an appropriate Court Order to protect Confidential Material.

10.     Nothing in this Confidentiality Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to confidentiality of material or the removal of a confidential designation. Should counsel or an interested member of the public disagree with any designation of material as confidential, he or she first shall attempt to resolve such dispute with the parties' counsel and, if unsuccessful, apply to the Court for a determination as to whether the material or information should remain designated as Confidential Material. Pending resolution of any challenges, the material at issue shall continue to be treated as Confidential Material until ordered otherwise

by the Court. **The Designating Party shall bear the burdens and the expenses of seeking protection in court of its confidential material.**

11.    The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is or becomes public knowledge in a manner other than by violation of this Order.

12.    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 **and provide the requisite showing based on competent evidence of "good cause" or "compelling reasons" for a Court order allowing such papers to be filed under seal.** Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.    This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within 30 days of settlement or final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, **each Receiving Party shall either return to the Producing Party or destroy** all items designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." ~~and all copies or summaries thereof shall be returned to the party that produced such materials or shall be destroyed~~.  Whether the Confidential Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 30-day deadline that (1) identifies (by category, where appropriate) all the Confidential Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material.  Notwithstanding this provision, counsel is entitled to retain any attorney work product.

15. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or facsimile transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order.  The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material.  Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand is provided.  Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential Material shall not constitute a violation of this Order.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

16. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

17. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any

document herein, or oppose the production or admissibility of any information or documents which have been requested.

18.    This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court.

**IT IS SO ORDERED**

Dated:  January 11, 2017

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER

**AFFIDAVIT**

1. My name is _____.  I live at

_____.

2. I am aware that a Confidentiality Order has been entered in *Urban Textile, Inc. v. Fashion Avenue Knits, Inc. et al.*, Case No.: 2:16-cv-6786-MWF-KS (C.D. Cal.), pending in the Central District of California, and a copy thereof has been given to me.

3. I acknowledge that documents and information designated as confidential pursuant to such Confidentiality Order are being disclosed to me only upon the condition that I agree to be subject to the jurisdiction of this Court and to that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only in connection with assisting counsel for the parties in preparing for litigation of the above-captioned matters. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality Order will subject me to the sanctions of this Court for contempt.

4. I promise that I will not disclose or discuss such Confidential Materials or information any person other than the parties and counsel for the parties or members of their staff.

DATED: _____, 201_          _____


**EXHIBIT A**